**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oscar ARROYOS–SERNA,**
**Defendant–Appellant.**

No. 01–2010.

United States Court of Appeals,
Tenth Circuit.

Aug. 17, 2001.

Before ANDERSON and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant appellant's request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

While defendant Oscar Arroyos Serna was in state custody on a misdemeanor charge in December 1999, he admitted to a Border Patrol Agent doing a jail inspection that he was a citizen and national of Mexico. Immigration record checks revealed that defendant had previously been deported from the United States. Defendant was subsequently taken into federal custody, charged with reentry of a deported alien in violation of 8 U.S.C. § 1326(a)(1) and (2), and convicted by a jury. Because defendant's prior deportation was subsequent to a conviction for possession of heroin, an aggravated felony under 8 U.S.C. § 1101(a)(43), the maximum prison

term that could be imposed under the statute was increased from two years to twenty years. *See id.* § 1326(b) & (b)(2). Due to defendant's criminal history, the applicable guideline range was for offense level 24 and criminal history category V. The district court sentenced defendant to 92 months' imprisonment, at the low end of the guideline range.

Defendant's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has moved for leave to withdraw as counsel. For the reasons set forth below, we grant counsel's motion to withdraw and affirm.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, she should so advise the court and request permission to withdraw. *Id.* at 744, 87 S.Ct. 1396. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal. *Id.* The brief is served upon the defendant, who may "raise any points he chooses." *Id.* The court then examines the proceedings and decides whether the appeal is frivolous. *Id.* If we find that the appeal is frivolous, we may grant counsel's request to withdraw. *Id.* Defendant was provided with a copy of counsel's brief but has not filed a response with this court.

In her *Anders* brief, counsel addresses the following issues: (1) whether the trial court admitted inadmissible hearsay that violated defendant's rights under the Confrontation Clause of the Sixth Amendment; (2) whether there is sufficient evidence to support defendant's conviction under 8 U.S.C. § 1326(a); and (3) whether any constitutional error exists because defen-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dant's sentence was enhanced based on a fact that was not submitted to the jury and proved beyond a reasonable doubt. Counsel submits that these issues lack merit.

■ To support a conviction under 8 U.S.C. § 1326(a), the government was required to prove that defendant was an alien at the time alleged in the indictment; that defendant had previously been ordered deported, excluded, or removed from the United States and had departed the country; that defendant was later found in the United States; and that defendant had not obtained the consent of the Attorney General of the United States to reapply for admission since the time of his previous deportation, exclusion, or removal, and departure. *United States v. Meraz–Valeta*, 26 F.3d 992, 997 (10th Cir. 1994).

To prove its case, the government presented three witnesses to lay the foundation for the admission of a number of immigration documents. The trial court admitted the documents, over defendant's objections, under the business records exception to the hearsay rule, Fed.R.Evid. 803(6). *See* R. Vol. III at 14. "We review the district court's evidentiary rulings for an abuse of discretion, considering the record as a whole." *United States v. Trujillo*, 136 F.3d 1388, 1395 (10th Cir.1998). "Because hearsay determinations are particularly fact and case specific," our review of those decisions is especially deferential. *Id.*

■ The Supreme Court has determined that a statement admissible under an exception to the hearsay rule does not violate the Confrontation Clause if the statement "bears adequate indicia of reliability." *Idaho v. Wright*, 497 U.S. 805, 815, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990) (quotation omitted). Reliability may be inferred if the evidence is admitted under a "firmly rooted hearsay exception." *Id.* The trial court admitted the documents

under the business records exception to the hearsay rule, which is a firmly rooted hearsay exception. *United States v. Johnson*, 971 F.2d 562, 573 (10th Cir.1992). Thus, the documents are assumed to be reliable and their admission does not violate the Confrontation Clause.

■ Counsel notes that one admitted document was prepared in an administrative deportation hearing when defendant had not been warned of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Counsel also correctly points out, however, that this court has held that *Miranda* warnings are not required in deportation proceedings. *United States v. Valdez*, 917 F.2d 466, 469 (10th Cir.1990). As a result, we find no error with respect to the admission of the challenged immigration documents.

■ The next question is whether the evidence is sufficient to support the conviction under § 1326(a). The government presented evidence showing that defendant is a citizen and national of Mexico who had previously been deported. The government also showed that defendant was later found in this country without having sought permission to reapply for admission. Based on our review of the record, we find the evidence sufficient to prove the elements required under § 1326(a).

■ Finally, counsel has addressed whether any constitutional error exists in the enhancement of defendant's sentence under 8 U.S.C. § 1326(b) & (b)(2). The Supreme Court's recent decision in *Apprendi v. New Jersey* requires that facts "[o]ther than the fact of a prior conviction" used to enhance the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Thus, under the express language of *Apprendi*, it

was not error that the government did not present the fact of defendant's prior aggravated felony conviction to the jury. Moreover, in *Apprendi*, the Court expressly declined to overrule its previous decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which holds that § 1326(b) sets out a sentencing factor rather than a separate immigration-related offense. *Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348. We therefore remain bound by *Almendarez–Torres*. *United States v. Dorris*, 236 F.3d 582, 587 (10th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1635, 149 L.Ed.2d 495 (2001).

After a careful review, we conclude that the record discloses no error. We grant counsel's motion to withdraw. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.